No. 9160.

MECHANICS AND TRADERS' INSURANCE COMPANY VS. TEMPLE S. COONS.

In a suit by the payee of a check against the drawer, notice of presentment and of dishonor may be oral and verbal, but it must be proved. Presumptions and beliefs that such notices were given will not suffice. There must be certainty and exactitude of proof that they were given.

APPEAL from the Eighth District Court, Parish of Madison. *Delony*, J.

*A. S. Black* for Plaintiff and Appellee.

*J. H. Halsey* and *J. C. Seale* for Defendant and Appellant.

The opinion of the Court was delivered by

MANNING, J. The suit is upon a cheque for fifteen hundred dollars drawn upon the Louisiana National Bank by Temple S. Coons & Co. in favour of the plaintiff. The case was here last year when the plaintiff was non-suited.

The defense is want of presentment, and want of notice of dishonor.

The plaintiff took the depositions of its president and secretary to prove presentment and notice of dishonor. They do not prove either.

Mr. Coleman, the president of the Insurance Company, says: "The cheque was presented to the Louisiana National Bank by the Mutual National Bank, and I presume through the Clearing House. * * * I had a conversation soon after the refusal of payment of the cheque with Temple S. Coons and Capt. J. P. Smith, and expressed to them my regret that the cheque was not paid, and my hope that they would soon make it good. * * * I gave notice of its non-payment to Capt. J. P. Smith, and I believe to Mr. Temple S. Coons, both of the firm of Temple S. Coons & Co., at their office in New Orleans, on the same day payment was refused."

Now it turns out that Mr. Smith was not a member of the firm of Temple S. Coons & Co., but only its cotton salesman, and notice to him is not notice to the firm, and he is the only person to whom the president swears with certainty that notice was given. There was so much incertitude about notice to Coons that the president can only say he *believes* it was given. His deposition was taken after our dismissal of this case as of non-suit, because presentment and notice had not been satisfactorily proved.

Nor is he more positive about the presentment. The check was presented to the Louisiana National Bank by the Mutual National Bank,

and he *presumes* through the Clearing-house. He has no knowledge of the presentment himself and did not establish it by the Mutual National Bank who presented it.

The secretary never saw the cheque until six months after its date, at which time he became secretary, and knows nothing about it except what he has learned from the entries in the company's books.

On the other hand Coons swears there never was any notice given him of the presentation or non-payment of this cheque, and the first knowledge he had of an indebtedness claimed by the plaintiff was the filing of the suit upon it. He says he may have had a talk with Mr. Coleman since this transaction, but not about this cheque as he can remember.

Parol proof of the presentment and notice of dishonor is sufficient when the suit is between drawee and payee.; Story Prom. Notes, § 341. But it must be made with certainty. Both are necessary, and if it be conceded that the proof of presentment may be sufficient, there is none of the notice of dishonor, and no attempt to prove that the drawer had no funds in the drawee's hands, and had no right to expect payment of his cheque.

It is, therefore, ordered and decreed that the judgment of the lower court is reversed, and that there now be judgment in favor of defendant rejecting the demand of the plaintiff, and against the latter for costs.